# EXHIBIT A

Hearing Date: 2/9/2022 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
          Cook County, IL

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

FILED
10/12/2021 1:10 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05209

15166872

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CHINITA WASHINGTON,
Individually and on behalf of all others
similarly situated,

   *Plaintiff,*

 v.

AMERICAN CORADIUS
INTERNATIONAL LLC,

   *Defendant.*

Case No.: **2021CH05209**

**CLASS ACTION**

**JURY DEMAND**

### CLASS ACTION COMPLAINT

Plaintiff Chinita Washington, individually and on behalf of all other similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") for a finding that the Defendant's actions violated the FDCPA and to recover damages for the Defendant's violations thereof, and alleges:

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of

1

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices.  *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the

2

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

## JURISDICTION AND VENUE

8. Jurisdiction over the Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9. Venue is proper in this county pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, the Defendant does business in this county and has a registered agent located here. 735 ILCS 5/2-102(a).

10. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11. Plaintiff Chinita Washington was a resident and citizen of the State of Illinois during all times relevant to this complaint.

12. Defendant American Coradius International LLC ("ACI") is a limited liability company organized under the laws of Delaware with a principal place of business at 2420 Sweet Home Road, Suite 150, Amherst, New York. Defendant's registered agent is Legalinc Corporate Services, which can be found at 200 E.

3

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

Randolph St., Suite 5100 38, Chicago, Illinois 60601.

13.     Defendant ACI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14.     Defendant ACI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15.     According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt").

16.     The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

17.     The Defendant has alleged that Plaintiff failed to make full payment and the debt entered default.

18.     Defendant was subsequently hired or retained to attempt to collect the alleged debt from Plaintiff.

19.     Defendant began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about November 19, 2020. (Exhibit A, Collection Letter).

20.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

4

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

21.     The Letter was thus a "communication" as that term is defined at §
1692a(2) of the FDCPA.

22.     The letter states in relevant part:

| Creditor | Account # | Account Balance |
|---|---|---|
| Synchrony Bank PayPal Credit | XXXXXXXXXXXX7186 | $687.97 |

Dear Chinita Washington
We are writing to you regarding your Synchrony Bank PayPal Credit account. This account has been placed with our office for collection.

23.     "Synchrony Bank PayPal Credit" is not a legal entity and was not the
creditor to whom the debt was owed.

24.     ACI's disclosure does nothing to indicate who the alleged "Current
Creditor" is, as "Synchrony Bank PayPal Credit" is not the legal creditor to whom
the alleged debt was owed at the time the letter was sent.  This did not provide
Plaintiff with the necessary information to determine exactly which legal entity
owed the debt when the letter was sent.

25.     15 U.S.C. § 1692g of the FDCPA states in relevant part:

(a) Notice of debt;

Within five days after the initial communication with a
consumer in connection with the collection of any debt, a debt
collector shall, unless the following information is contained
in the initial communication or the consumer has paid the
debt, send the consumer a written notice containing—
    (1)     the amount of the debt;
    (2)     the name of the creditor to whom the debt is owed;
    (3)     a statement that unless the consumer, within thirty
days after receipt of the notice, disputes the validity of the
debt, or any portion thereof, the debt will be assumed to be
valid by the debt collector;

5

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.   Defendant violated 15 U.S.C. §1692g(a)(2) by failing to clearly state the creditor to whom the debt is owed.

27.   The letter does not provide the legal entity to whom the alleged debt was owed, and this information does not provide Plaintiff with the information necessary to determine the validity of the alleged debt.

28.   15 U.S.C. § 1692f of the FDCPA provides in relevant part:

> **Unfair practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29.   Defendant violated § 1692f by sending Plaintiff a collection letter that falsely named the alleged creditor to whom the debt was owed.

30.   15 U.S.C. § 1692e of the FDCPA provides in relevant part:

> **False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

6

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

(2) The false representation of—

    (A)    the character, amount, or legal status of any debt; or

    (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

31.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by failing to state to whom the alleged debt was owed and when it provided a false creditor name.

32.    The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

<u>COUNT I</u>
<u>FAIR DEBT COLLECTION PRACTICES ACT- ON BEHALF OF A CLASS</u>

33.    Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

34.    Defendant violated 15 U.S.C. §1692g(a)(2) by failing to clearly state the creditor to whom the debt is owed.

35.    Defendant violated § 1692f by sending a collection letter that falsely named the alleged creditor to whom the debt was owed.

36.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by failing to state to whom the alleged debt was owed and by providing a false creditor

7

name.

## CLASS ALLEGATIONS

37.     Plaintiff brings this claim on behalf of a class. The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of American Coradius International LLC in the form represented by <u>Exhibit A</u> to Plaintiff's Class Action Complaint; (c) to collect a consumer debt; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA; and (e) that was not returned as undeliverable by the postal service.

38.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

39.     The proposed class meets all requirements under 735 ILCS 5/2-801.

40.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers are members of the class. Class members can be easily identified through Defendant's records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

41.     **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting

8

FILED DATE: 10/12/2021 1:10 PM  2021CH05209

individual class members, including, without limitation:

a) whether the Defendant failed to provide the true and accurate name
of the creditor to whom the debt was owed; and

b) whether such communications violate the FDCPA's statutory
requirements.

42.  **Adequacy of Representation:** Plaintiff is an adequate representative of
the Class because their interests do not conflict with the interests of the class
members they seek to represent and Plaintiff intends to prosecute this action
vigorously. Plaintiff has retained counsel competent and experienced in class action
litigation. The interests of the Class will be fairly and adequately protected by
Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the
class members.

43.  **Superiority:** A class action in this case would be superior to any other
available means for the fair and efficient adjudication of this controversy, and no
unusual difficulties are likely to be encountered in the management of this class
action.  The damages or other financial detriment suffered by Plaintiff and the class
members are relatively small compared to the burden and expense that would be
required to individually litigate their claims against Defendant, so it would be
impracticable for class members to individually seek redress for Defendant's
wrongful conduct. Individualized litigation creates a potential for inconsistent or
contradictory judgments and increases the delay and expense to all parties and the
judicial system. By contrast, the class action device presents far fewer management

9

difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff asks for an award in her favor and against Defendant as follows:

A.   Certification of the proposed class;

B.   Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.   Statutory damages pursuant to 15 U.S.C. § 1692a(2);

D.   Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3);

E.   Such other or further relief as the court deems proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

10

FILED DATE: 10/12/2021 1:10 PM   2021CH05209

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys